**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DIMARIO CARL JOHNSON,

        *Petitioner*,

v.                                                    Case No. 3:26-cv-1762-WWB-MCR

UNITED STATES ATTORNEY
GENERAL, et al.,

        *Respondents.*
_____

## <u>ORDER</u>

Petitioner initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1).  Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at North Florida Detention Center.  (*Id.*).  The Petition is not a model of clarity, and it is unclear what claims Petitioner seeks to raise.  He contends that his current detention is unlawful because his arrest did not result in criminal charges; his detention is hindering his ability to prepare for his upcoming immigration proceeding; his family circumstances show he is not a danger to the community or a flight risk; and he should no longer be detained since his criminal case was dismissed.  (*See generally id.*).

Federal courts may grant the writ where any petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  And the sole federal remedy and purpose of the writ of habeas corpus is for prisoners or detainees to challenge the "fact or duration" of their confinement and seek relief in the form of immediate or expedited release from custody.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Here, Petitioner has not alleged sufficient facts to

establish a claim under § 2241.  Indeed, he does not claim Respondents violated a particular constitutional right, and his allegations are conclusory in nature and devoid of any information that would allow the Court to draw reasonable inferences that Respondents violated his constitutional rights.

Also, to the extent that Petitioner challenges his arrest, "habeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody."  *Palma v. Powell*, No. 7:26-CV-299, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026).  "If lawful grounds for detention exist, [Petitioner] is not entitled to release even if there were flaws in his original arrest."  *Id.*  As a result, if Petitioner attacks the mechanics of his seizure rather than the Government's present statutory authority to hold him, his claim must fail.  *See also Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016).  As such, the Petition is dismissed without prejudice to Petitioner's right to refile a § 2241 petition that clearly sets forth allegations about how his detention allegedly violates the Constitution and sets forth relief that is cognizable under § 2241.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on July 14, 2026.

2

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C:    Dimario Carl Johnson, A240394745

3